IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

MARLON T. MYERS                                                                                     PLAINTIFF
ADC # 146003

v.                                                  3:25CV00063-DPM-JTK

ROLANDA R. SCRUGGS, et al.                                                                DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition ("Recommendation") has been sent to United States District Judge D.P. Marshall Jr.   Any party may file written objections to all or part of this Recommendation.   If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.   By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

**I.   Introduction**

Marlon T. Myers ("Plaintiff") is in custody at the Grimes Unit of the Arkansas Division of Correction ("ADC").   Plaintiff filed a pro se complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 2) and a Motion to Proceed in forma pauperis (Doc. No. 1), which the Court will grant by separate Order.   The Court must screen Plaintiff's Complaint pursuant to the Prison Litigation Reform Act ("PLRA") and in forma pauperis statute.

As explained below, Plaintiff's Complaint fails to state a claim on which relief may be granted.   Accordingly, the Court recommends Plaintiff's Complaint be dismissed without prejudice.

**II.     Screening**

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).   The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).   Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim.   See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."   Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).   In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.   Haines v. Kerner, 404 U.S. 519, 520 (1972).   The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.   Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**III.    Discussion**

    **A.    Plaintiff's Complaint**

Plaintiff filed this § 1983 lawsuit against ADC Director Dexter Payne, Warden Christopher Budnik, Sergeant Gary David Cox, and Disciplinary Hearing Officer Rolanda R. Scruggs in their personal and official capacities.   (Doc. No. 2 at 1-2).   Plaintiff was diagnosed with "severe social + transitional anxiety" in February 2023.   (Id. at 4).   As a result, his medical care giver prescribed Hydroxyzine, 50 mgs, and Buspirone.   (Id.).   Plaintiff was arrested in April 2024 and

2

received his medications while in the Sebastian County Detention Center.  (Id.).  After being sentenced, Plaintiff arrived at the ADC diagnostic unit on August 23, 2024.  (Id.).  Plaintiff's prescription for Hydroxyzine was discontinued and his dosage of Buspirone was increased   (Id.).

On September 16, 2024, Plaintiff was transferred to the Grimes Unit where he is currently incarcerated.  During an inmate search, Defendant Cox asked to see the back of Plaintiff's ID badge.  (Doc. No. 2 at 5).  Defendant Cox found there a pouch with three 15-mg Buspirone tablets and one 10-mg Buspirone tablet.  (Id. at 6).  Defendant Cox believed the tablets to be Xanax and charged Plaintiff with a major disciplinary.  (Id.).  At the September 25, 2024, disciplinary hearing, Plaintiff pled not guilty because he had been prescribed the medication he possessed, among other reasons.  (Id. at 7-8).  Plaintiff explained why he was innocent, but Defendant Scruggs nevertheless found Plaintiff guilty of two of the three alleged rule violations.  (Id. at 8).  Plaintiff was sentenced to 30 days in restrictive housing isolation, one year at Class 4, and a 60-day restriction of commissary, phone, and visitation privileges.  (Id.).

Defendant Budnik affirmed the conviction, as did Defendant Payne.  (Doc. No. 2 at 9).  Plaintiff was "passed out of class by the Parole Board and will not be seen by the Board" until he reaches Class 2 in 14 months from the date of the underlying conviction.  (Id.).

Plaintiff seeks damages and injunctive relief for the alleged violations of his rights.  (Id. at 10).

### B.     Personal Capacity Claims

Plaintiff brought suit under 42 U.S.C. § 1983.  "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."  Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual

actions, has violated the Constitution." Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)). Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983. See Iqbal, 556 U.S. at 678.

Plaintiff alleges Defendant Cox issued a false disciplinary against him. But without more, Defendant Cox's alleged issuance of a false disciplinary does not rise to the level of a constitutional violation. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989).

Plaintiff further complains Defendant Scruggs convicted him of two violations and Defendants Budnik and Payne affirmed the convictions. The Court interprets these allegations as due process claims. The safeguards of the due process clause are triggered when a protected liberty interest is at issue. Sandin v. Conner, 515 U.S. 472, 484 (1995); Phillips v. Norris, 320 F.3d 844, 846-48 (8th Cir. 2003). The due process clause applies only when prison officials impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

Plaintiff's disciplinary conviction led to Plaintiff being sentenced to 30 days in isolation, one year at Class 4, and a 60-day restriction of commissary, phone, and visitation privileges. These allegations do not establish an "atypical and significant hardship." Orr v. Larkins, 610 F.3d 1032, 1033-34 (8th Cir. 2010) (nine months in administrative segregation not atypical and significant hardship); Kennedy v. Blankenship, 100 F.3d 640, 642-43 & n.2 (8th Cir. 1996) (placement in punitive isolation with loss of commissary, visitation, and telephone privileges not atypical and significant hardship); Portley-El v. Brill, 288 F.3d 1063, 1065-66 (8th Cir. 2002) (no liberty interest in classification level and 30 days in segregation not an atypical and significant hardship); Thornsberry v. Barden, 854 F. App'x 105, 105-06 (8th Cir. 2021) (per curiam) (affirming preservice dismissal of complaints about assignment to isolation, loss of privileges, and

4

reclassification) (and cases cited therein).  Plaintiff's allegations regarding his 30 days in isolation and the 60-day loss of privileges fail to state a claim on which relief may be granted.

Plaintiff also complains that he was "passed out of class by the Parole Board and will not be seen by the Board" until he reaches Class 2 after 14 months from the date of the underlying conviction.  Plaintiff does not have a protected liberty interest in the possibility of parole, and, accordingly, no violation of his due process rights is implicated.  See Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979); Parker v. Corrothers, 750 F.2d 653, 655-57 (8th Cir. 1984).  State law may create a liberty interest if "'state statute or regulation involved uses mandatory language and imposes substantive limits on the discretion of state officials.'" Snodgrass v. Robinson, 512 F.3d 999, 1003 (8th Cir. 2008) (internal citation omitted). But Arkansas parole statutes create only the possibility of parole, not "a protectable liberty interest in discretionary parole decisions . . . ."  Hamilton v. Brownlee, 237 Fed. Appx. 114, 115 (8th Cir 2007); see also Persechini v. Callaway, 651 F.3d 802, 807-08 (8th Cir. 2011) (no liberty interest in discretionary parole decisions).  Because Plaintiff has no protected liberty interest in the possibility of parole, his parole-related allegations fail to state a claim on which relief may be granted.

### C. Official Capacity Claims

`       Plaintiff sued Defendants in their personal and official capacities seeking damages and injunctive relief.  "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity."  Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010).  Accordingly, Plaintiff's official capacity claims against Defendants are the equivalent of claims against the state of Arkansas and his request for

damages is barred by Eleventh Amendment. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).

Plaintiff also sought injunctive relief—though he did not explain what. While the Eleventh Amendment does not bar prospective injunctive relief, Plaintiff did not plead that Defendants' actions were taken pursuant to an unconstitutional policy or practice. Hood v. Norris, 189 F. App'x 580 (8th Cir. 2006). Consequently, injunctive relief is not available.

Further, Plaintiff cannot establish individual liability on the underlying substantive claims. As a result, his official capacity claims fail. Jackson v. Buckman, 756 F.3d 1060, 1067, n.3 (8th Cir. 2014) ("Absent an underlying constitutional violation, . . . official-capacity . . . claims . . . necessarily fail.")

### IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that

1. This action be DISMISSED without prejudice for failure to state a claim on which relief may be granted.

2. The Court recommend[1] that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis

---

[1] The number of strikes a plaintiff has accrued may be determined only by looking backwards to past dismissals; 28 U.S.C. § 1915(g) leaves the effective decision to the later tribunal. Gonzalez v. United States, 23 F. 4th 788, 789-91 (8th Cir. 2022).

[2] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

Dated this 9th day of April, 2025.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE